UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS. 9:21-CV-80368-ROSENBERG
AND 9:19-CR-80136-ROSENBERG

BRIAN MATTHEW SIGOUIN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER VACATING PRIOR ORDER,
RE-ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, AND DENYING MOTION TO VACATE SENTENCE**

This matter comes before the Court upon Movant Brian Matthew Sigouin's ("Movant") Objections [DE 33] to Magistrate Judge Bruce E. Reinhart's Report and Recommendation [DE 27]. As background, the Court previously adopted the Report and Recommendation and denied Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, having received no Objections to the Report and Recommendation within the time to object. DE 28. Movant subsequently informed the Court that he had not received a copy of the Report and Recommendation and requested additional time to object, which the Court granted. DE 30; DE 32.

The Court has now received and reviewed Movant's Objections. DE 33. As an initial matter, Movant, referring to the Report and Recommendation, states that "[a]s of this date no copy has been received at this Institution." *Id.* at 1. However, Movant then goes forward to make arguments based on the Report and Recommendation. *See, e.g., id.* ("Plaintiff would

advise that no arguments were put forth by Judge Reinhart in his R&R concerning the restitution and supervised release arguments which were presented to him . . . ."). It is therefore clear that a copy of the Report and Recommendation had been made available to Movant at the time he was compiling his Objections.

To the extent that Movant maintains that Judge Reinhart ignored arguments about restitution and supervised release, this argument is unavailing. The Amended Motion raised issues about the appropriateness of Movant's sentence under Count 3. DE 14 at 13. Judge Reinhart did address this issue in the Report and Recommendation, explaining that a challenge to a sentence should be raised on direct appeal and is procedurally barred in a post-conviction proceeding. DE 27 at 10; *see McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding" (quotation marks omitted)).

To the extent that Movant raises new arguments in his Objections, the Court declines to consider such arguments. *See Williams v. McNeil*, 557, F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

The Court has conducted a *de novo* review of Movant's Objections, the Report and Recommendation, and the entire record and is otherwise fully advised in the premises. The Court agrees with the analysis and conclusions in the Report and Recommendation and finds Judge Reinhart's recommendation to be well reasoned and correct.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court **VACATES** its Order at docket entry 28 under Case No. 9:21-CV-80368 and at docket entry 90 under Case No. 9:19-CR-80136.

2. Magistrate Judge Reinhart's Report and Recommendation [DE 27 under Case No. 9:21-CV-80368] is **ADOPTED** as the Order of the Court.

3. Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [DE 14 under Case No. 9:21-CV-80368] is **DENIED**.

4. A Certificate of Appealability **SHALL NOT ISSUE**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of January, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record